UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

REBEL8 INC.,

    Plaintiff,

v.

BAJIE ZHU, et al.,

    Defendants.

No. 15 CV 5469

Judge Manish S. Shah

## ORDER

Yiwu Yuantai Import and Export Co., Ltd.'s motion to intervene [40] is granted. As an intervenor-defendant, Yiwu may file a motion, presumably under Rule 59(e) or 60(b)(6), to obtain relief from the final judgment as it relates to the PayPal account "cn-tattoo@hotmail.com." A status hearing is set for 10/23/15 at 9:30 a.m., at which time the court will enter a briefing schedule for post-judgment motions.

## STATEMENT

Plaintiff Rebel8 obtained default judgments against more than 90 alleged copyright infringers, including defendant "Miss Susan's Store." As to each defendant, plaintiff was awarded $200,000 in statutory damages. The judgment also ordered PayPal to turn over funds from an account associated with the email address "cn-tattoo@hotmail.com," which plaintiff believes belonged to Miss Susan's Store. The day before final judgment was entered, Yiwu Yuantai Import and Export Co., Ltd. ("Yiwu") moved to intervene in this case, claiming it owns the PayPal account at issue, and that it had nothing to do with Miss Susan's Store. Yiwu did not object to final judgment being entered against Miss Susan's Store, but it seeks to have both its funds and account unencumbered. Plaintiff opposes Yiwu's intervention on both procedural and substantive grounds.

A petitioner seeking to intervene as of right under Federal Rule of Civil Procedure 24(a) must meet four criteria: "(1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action." *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995) (quotation omitted). In evaluating a motion to intervene, the district court must accept as true the motion's

non-conclusory allegations. *Reich*, 64 F.3d at 321. The petitioner's motion "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). "Whether to permit a procedurally defective motion to intervene is within the sound discretion of the district court." *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 595 (7th Cir. 1993).

Yiwu's initial motion failed to attach "a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). A "pleading," however, means a complaint, cross claim, counter claim, third-party complaint, or answer to these documents. Fed. R. Civ. P. 7(a). And none of these options really fits the bill for Yiwu, who cares nothing about the liability aspect of this case—only its collections facet. In any event, the purpose of this requirement, as with any pleading, is to put the litigants, the court, and the world on notice about what is claimed. Yiwu accomplished that objective through its original motion to intervene and its proposed motion to lift the asset freeze. I therefore exercise my discretion to allow the petition to stand despite its technical deficiencies.

Plaintiff objects to Yiwu's evidentiary offering on the grounds that, first, Yiwu initially made none at all, and, second, its eventual offering was "unauthenticated, untrustworthy, and irrelevant." In light of a legal standard that requires the district court to accept the motion's allegations as true, however, it does not appear a petitioner must offer evidence at this stage at all. Instead, the question is simply whether the petitioner's non-conclusory allegations satisfy Rule 24(a). This makes sense, since Rule 24(c)'s requirement that the petitioner also file a "pleading" seems to place a petitioner in the same boat as a plaintiff filing a complaint. Yiwu alleges a plausible and non-conclusory theory about why it could have a claim to the funds in the PayPal account attached by the final judgment in this case, and it has thereby given plaintiff fair notice of its claim. That is enough for the time being.

Plaintiff says Yiwu's claim is "irrelevant" because final judgment has been entered against Miss Susan's Store and plaintiff is entitled to any funds in Miss Susan's Store's PayPal account "regardless of whether the funds are the proceeds of Counterfeit REBEL8 Products." This is partially true—plaintiff is entitled to receive funds from any PayPal account owned by (or lent to) Miss Susan's Store. But that is exactly why Yiwu's theory is relevant—Yiwu contests that the PayPal account connected to "cn-tattoo@hotmail.com" actually belongs to (or was accessible by) Miss Susan's Store. It is not the case that plaintiff is entitled to Yiwu's property if the latter is truly an innocent bystander. And while final judgment has been entered in this case, a judgment may be altered by motion under Rule 59(e) or relief from a judgment may be granted under Rule 60(b). Without deciding the issue, it may be that Yiwu's motion to lift the asset freeze could be construed as a timely motion under either rule.

Plaintiff says it is highly suspicious of Yiwu's representations, especially because it sells items related to plaintiff's line of wares. Plaintiff also notes that it would make no sense for a counterfeiter to "instruct a potential customer to submit payment to a PayPal account in which the online store would be unable to receive funds submitted for counterfeit goods." Plaintiff may have good reason to doubt petitioner's story, but that evidentiary test is for a later date. For now, I must accept Yiwu's allegations as true. *Reich*, 64 F.3d at 321.

Plaintiff does not dispute that Yiwu's motion is timely, so the first factor to consider under Rule 24(a) is whether Yiwu has an interest relating to the subject matter of the action. This requires a "direct, significant, and legally protectable interest in the question at issue in the lawsuit." *Wisconsin Educ. Ass'n Council v. Walker*, 705 F.3d 640, 658 (7th Cir. 2013) (quotation omitted). "That interest must be unique to the proposed intervenor." *Id*. "Moreover, the question of whether an applicant has an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination, making comparison to other cases of limited value." *Id*. (quotation omitted). Yiwu alleges that it has an interest "in protecting its PayPal funds and use of its PayPal account while Plaintiff is seeking to use [Yiwu's] PayPal in satisfaction of a judgment." Plaintiff contends this interest is insufficient because it "has nothing to do with the legal and factual issues underlying [plaintiff's] causes of action for trademark infringement and counterfeiting, false designation of origin, violation of the Anticybersquatting Consumer Protection Act, and violation of the Illinois Uniform Deceptive Trades Practices Act." While certainly true, this case is about more than just these enumerated claims.

Like many civil actions, this case features issues of both liability and collection. Case in point: Plaintiff asked the court not only for a judgment against the defendants, but also for an order compelling the turnover of funds in satisfaction of that judgment. Yiwu plainly has a direct, significant, and legally protectable interest in the collections aspect of this case, because the thing to be collected—the *res* so to speak—belongs to Yiwu (we must assume). *See John v. Sotheby's Inc.*, 141 F.R.D. 29, 35 (S.D.N.Y. 1992) ("Dr. Nava, by claiming ownership of the painting, which is the object of this litigation, also satisfies the requirement that he have a direct and protectable interest in this action."). Nor does Yiwu have only a "betting interest"—i.e., a situation in which "a third party who has some outstanding monetary claim from one of the parties attempts to intervene to ensure that the outcome of the case preserves as much of its claim as possible." *Reich*, 64 F.3d at 322. If Yiwu is actually blameless and the PayPal account is not Miss Susan's Store's account, its issue is not just with Miss Susan's Store—it's also with the judgment order itself that directs PayPal to turn over the funds in the account to plaintiff.

Next, "[t]he existence of an 'impairment' depends on whether the decision of a legal question involved in the action would as a practical matter foreclose rights of the proposed intervenors in a subsequent proceeding." *Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 204 (7th Cir. 1982). "Potential foreclosure is measured by the general standards of stare decisis." *Id.* Yiwu says that "[i]f [plaintiff is] allowed to apply judgment against this account, [Yiwu] would be entirely unable to protect its assets." Plaintiff disagrees, suggesting instead that Yiwu can bring a separate action against Miss Susan's Store, "the entity who allegedly improperly used a PayPal account purportedly belonging to Yiwu . . . ." Although Yiwu may have a claim against Miss Susan's Store, if Yiwu were denied intervention and the judgment went unchallenged, it would mean a United States District Court determined the account Yiwu seeks to protect is not its own (at least not exclusively). Denying Yiwu intervention would, as a practical matter, foreclose its rights in the subject property.

The final factor under Rule 24(a), adequate representation, is satisfied here as well. Defendant Miss Susan's Store has not appeared in this case. Under no circumstances, therefore, could it be said that Yiwu's interests would be adequately represented by the defendant. *Reich*, 64 F.3d at 323 (where party did "as little as possible to defend its own stakes" in the action, the inadequacy of the representation of the petitioner's interest "could not be more manifest"). Accordingly, accepting Yiwu's allegations as true, the petitioner has demonstrated grounds to intervene as of right.[*]

ENTER:

Manish S. Shah
United States District Judge

Date: 10/16/15

---

[*] Because Yiwu may intervene as of right, I do not reach the question of permissive intervention under Rule 24(b).