UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REBEL8 INC.,<br><br>Plaintiff,<br><br>v.<br><br>BAJIE ZHU, et al.,<br><br>Defendants. | No. 15 CV 5469<br><br>Judge Manish S. Shah |

## ORDER

Plaintiff's motion to reconsider [66] is granted, and Yiwu Yuantai Import and Export Co.'s motion to intervene [40] is now denied. The Clerk shall terminate Yiwu as a defendant-intervenor. Yiwu's motion for extension of time to complete discovery [80] is denied as moot.

## STATEMENT

Plaintiff seeks reconsideration of my order granting Yiwu's motion to intervene. I remain of the view that Yiwu has an interest in the subject matter of the action, because, as explained in the prior order [64], the judgment order in this case specifies the PayPal account at issue, and Yiwu has articulated an interest in that account that is not shared with defendant Miss Susan's Store (namely, that Miss Susan's Store has no interest in the account and is not connected to it, and the account is entirely controlled by Yiwu with no permission granted to Miss Susan's Store). Unlike *Ungar v. Arafat*, 634 F.3d 46, 52 (1st Cir. 2011), where the proposed intervenor claimed the injunction did not apply to it, here, Yiwu claims the judgment order (which includes, in effect, a turnover order) does apply to it. But, upon reconsideration, I conclude that Yiwu's interest would not be practically foreclosed by execution of the judgment. Yiwu may pursue Miss Susan's Store, and plaintiff here has admitted that the judgment order does not conclusively determine ownership of the PayPal account. No legal question has been answered in a manner that prevents Yiwu from asserting (in some other action) that its assets were wrongfully used to pay the judgment in this case. No stare decisis effect should be given to the judgment order as it relates to ownership or control over the PayPal account. As a result, the test for intervention as of right under Rule 24(a) is not satisfied.

Yiwu has not carried its burden to justify permissive intervention. "Permissive intervention is within the discretion of the district court where the applicant's claim and the main action share common issues of law or fact and where there is independent jurisdiction." *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 775 (7th Cir. 2007). Here, there is no independent jurisdiction for Yiwu's claim because the amount in controversy is less than $75,000 dollars. Unlike the property that is the subject of the action (under Rule 24(a)), the "main action" here is the trademark infringement by Miss Susan's Store (and others). Yiwu's claim to money in a PayPal account does not share common issues of law or fact with the trademark infringement. But even if the "main action" under Rule 24(b) included the collections aspect of the judgment, I would exercise my discretion to deny permissive intervention. Yiwu has not diligently pursued its claim, and this lack of diligence should not be rewarded. First, and most recently, Yiwu failed to timely respond to discovery requests from plaintiff. While Yiwu's counsel has explained that the press of other business (and the difficulty in obtaining information from China) made responding difficult, *see* [80], the lack of communication with opposing counsel or request for an extension of time (before deadlines expired) is a lack of diligence. Only after I commented about the untimely discovery responses did Yiwu file a motion for extension of time. Second, Yiwu did not attempt to appear in the case until after plaintiff filed its motion for default judgment, and Yiwu noticed its motion to intervene for presentment after the default judgment motion would be heard (and after the case would likely be terminated with a final judgment). *See* [38], [40-1]. The motion to intervene came well after a TRO and a preliminary injunction froze the PayPal account at issue. The dispute over the PayPal account could have been raised earlier. This lack of diligence demonstrates that intervention would unreasonably delay certainty between the parties to the original action.

Whether another rule would permit a non-party objector to seek relief from an erroneous final judgment order (or turnover order or writ of execution) has not been addressed by the parties, and I agree with plaintiff that the only question presented by Yiwu's motion was whether Rule 24 requires or permits intervention. I conclude that it does not.* Plaintiff's motion to reconsider [66] is granted, and Yiwu's motion to intervene [40] is now denied.

ENTER:

                                              Manish S. Shah
                                              United States District Judge

Date: 1/28/16

---

* Rule 24 allows third-parties to challenge confidentiality orders, *Bond v. Utreras*, 585 F.3d 1061, 1068 (7th Cir. 2009), but that precedent, based in part on the public right to access to the courts, is not applicable here.